Nash, C. J.'
 

 The defendant was one of the justices of the county of Martin, and was one of the presiding magistrates at April term, 1839. At that term' of the County Court, it is alleged by the plaintiff, that one E. G. Hammond was appointed by the Court, the defendant Lanier with two other magistrates being on the bench, his guardian; and that the Court took no-security from him. The action is in case, and brought to recover damages for this neglect. The Act of 1836, eh. 54, sec. 2, providés, “ if any court shall commit an orphan’s estate to the charge or guardianship of any person dr persons without taking good and sufficient security for the same, the justice or justices appointing such guardian, shall be made liable for all loss and damages sustained by such orphan, &c. to be recovered by action at the common law, &c.”
 

 On’behalf of the defendant it is insisted that Hammond never was appointed guardian of the plaintiff; and secondly, if he was, the defendant could not be sued alone, but that the other magistrates on the bench when the appointment was made should have been joined. As to the- first objection, being a matter of record, it must be prosed.by it.. The following entry appears upon the records of April, term, 1839, .of Martin County Court:. “ Ordered that E. G¡ Hammond be appointed guardian of James Bayis, instead of ThomasJHowell, upon entering into bond witli Hardy Brown.and John,Hyman
 
 *310
 
 as sureties in a bond of $10,000. Robert Lanier, H. Eason and John Long, esquires, on the bench. Bond executed by E. G. Hammond alone.” It is insisted by the defendant’s counsel that by the entry no appointment of a guardian was made by the Court, as the giving of the bond with the specified sureties, was a condition precedent never complied with by Hammond.
 

 The contrary was ruled in the case of
 
 Spencer
 
 v.
 
 Cahoon,
 
 4 Dev. 225. The question arose in that case, upon the sufficiency of the appointment of one Gibbs as an administrator. To show
 
 that
 
 appointment, the records of the Court making it, was given in evidence ; it is as follows: “November session, 1816. It is ordered that Stephen Gibbs be appointed administrator of the estate of Jeremiah Gibbs,
 
 on his entering into bond
 
 in the sum of $4,000, with John C. Bonner and William Selby, his sureties.” No bond, as required by law, was given by Stephen Gibbs. Both he and his sureties executed a paper writing in blank which was accepted by the Court as the administration bond of Stephen Gibbs, and he, thereupon, qualified as administrator. The Court declared the bond to be invalid, but that the appointment was valid, and though voidable, was not void. In the case of ¡Spencer, administrator
 
 de bonis non
 
 of
 
 Jeremiah Gibbs
 
 v.
 
 Cahoon,
 
 1 Dev. and Bat. 27, the question arose as to the validity of this appointment, under the same order as in the preceding case. The Court declared, that under that order Stephen Gibbs was duly appointed the administrator of Jeremiah Gibbs: that the words “ on his entering into bond with the sureties specified,” were not, taken in connection with the subject matter, a condition precedent: “such an order,” says the Court, “would be so absurd, that the intention to pass it cannot be presumed, unless the terms will not admit of any other construction. It would not bind the Court or any body else.” The full meaning is, “ that on his entering into bond, the appointment was then made.” In conclusion, the Court declare that the administration, for the .defects pointed out, might probably be revoked by the Court making it, but that no other court can declare it void; “ for it was granted by the
 
 *311
 
 competent Court although committed without taking bond or administering the oaths.” The same point was decided in
 
 Miller
 
 v.
 
 Hoskins,
 
 2 Dev. 360. The words of the record were, “ administration upon the estate of Eichard Miller, granted to William Taylor, giving bond in six hundred pounds with J. M. and D. B. as sureties.” The Court decide that the words “ granted ” and “ giving ” plainly mean, “ is now granted” and “is now given.” These authorities decide the present question. By the order of the April term, 1839, of the County Court of Martin, Hammond was appointed the guardian of the plaintiff, and by virtue of it, was entitled to take into his possession, the property of his ward. No security was taken by the appointing Court, of which the defendant was one, and for such omission, the members of the Court were liable to the plaintiff in damages.
 

 The second objection cannot be sustained. We were at first struck with the force of the objection, this being an action of
 
 tori,
 
 arising under an Act of Assembly, rendering all the appointing magistrates liable, it was thought unjust that one should be selected and made to bear the whole burden, when the delinquency was shared by him with two others.
 

 Upon reflection, however, we are of opinion that the action is properly brought against the defendant alone. The Act declares “that the justice or justices appointing the guardian, &c., shall be made liable, &c.” The Statute, therefore, evidently contemplated a case, in which the action might be brought against one alone of the appointing j ustices, in view, likely, of the remedy given, namely, an action on the case at common law. It is a doctrine of the common law, no doubt familiar to those who passed the act, that in
 
 torts,
 
 the party injured may bring his action against the whole of the
 
 tort-feasors,
 
 or against any one. The action is, therefore, well brought against the defendant alone.
 

 The remaining question is as to the amount of damages, to which the plaintiff is entitled. The plaintiff insisted that he was entitled to the amount received by Hammond from the preceding guardian, Howell, with compound interest from the
 
 *312
 
 'time be received it, up to the time when he came of age, and to simple interest on the amount of said principal and interest, tip to the term of the trial, and so his Honor instructed the jury. The plaintiff is clearly entitled to compound interest to the time when he came of age, but not to any interest after that time. The argument upon the latter point is, that the Act makes the appointing justice liable “for all loss and damages” which the ward has sustained by their default and that the simple interest was occasioned by their default. Not so. As soon as the ward came of age, he had a right to bring his action. If he had done so he would have recovered his compound interest and had all that was justly due him. The simple interest then was the result of his own negligence in not bringing his action soon enough, and we cannot punish one man for the negligence of another.
 

 We are pleased that the jury have so found their verdict as to enable the Court to rectify the error without sending the parties back to another jury. The verdict gives to the plaintiff $920 -in damages, of which $334- 74 is the sum received by the guardian Hammond, from the former guardian. $338 83 is the compound interest on that sum to the period .when the plaintiff arrived at full age, and the'balance $246 43 is simple ‘interest on those two sums, from the time when the compound interest stopped, to the commencement of the term. The compound interest upon the sum received by Hammond, together with the principal sum, eompose the true amount to which the plaintiff is entitled, to wit: the sum of $673 57. • The judgment below is reversed as to the sum of $246 43, and judgment will be entered for the sum of $673 57, the amount of three hundred and thirty-four dollar sand seventy-four cents, with compound interest thereon to the time when the plaintiff came of age. It may be that the defendant could have been entitled to a deduction on the score of commissions, but the point was ¡not made and we give no opinion upon it.
 

 Pee Cueiam. Judgment reversed, (in part.)